**No. 61087.**—Inter Maritime Forwarding Co., Inc. *v.* United States, protest 218493–K (New York).

RICHARDSON, Judge: This case involves a shortage of pieces for 12 electrical control boxes. The merchandise shown on the packing list attached to the consular invoice, which was filed with the entry, showed 288 visual indicators for 12 electrical control boxes shipped from Oerlikon Machine Tool Works, Zurich, Switzerland. Duty was assessed on the entered value of $4,515. In making his examination, the customs examiner found that only 144 (not 288) visual indicators were contained in case No. 502. The parties have stipulated that only 144

visual indicators were, in fact, imported in case No. 502, not 288 visual indicators, as shown on the packing list attached to the consular invoice, and that the said materials in case No. 502, when calculated to include 144 visual indicators, as also shown on a corrected commercial invoice received by the importer from Oerlikon Machine Tool Works, Buehrle & Co., now attached to the entry papers, had a total value of $3,254.70. Plaintiff claims that duty should not have been assessed on shortshipped or missing merchandise.

The issue before the court in shortage cases is whether or not there was in fact a nonimportation. *United States* v. *Browne Vintners Co., Inc.*, 34 C. C. P. A. (Customs) 112, C. A. D. 351. Inasmuch as the evidence established and the parties have stipulated that there was, in fact, a nonimportation of 144 visual indicators, the importer is entitled to a refund of duties charged upon said 144 visual indicators. The protest is sustained.